Sherry HAMMOND, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 62A01–9608–CR–248.

Court of Appeals of Indiana.

Dec. 18, 1996.

David E. Schalk, Bloomington, for Appellant–Defendant.

Pamela Carter, Attorney General, Carol A. Nemeth, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Sherry Hammond brings this interlocutory appeal from the trial court's denial of her motion to suppress. Hammond was charged by information with two counts of Dealing in a Schedule I Controlled Substance, as a Class B felony, and one count of Possession of Paraphernalia, as a Class A misdemeanor. Hammond moved to suppress the State's evidence against her on the grounds that it was the result of an unlawful arrest, search and seizure. After a hearing, the motion was denied. She then filed two motions to reconsider which were also denied. On appeal, Hammond presents several issues for our review which we consolidate into one dispositive issue: whether Hammond's arrest was unlawful.

We reverse and remand.

### FACTS

On November 27, 1996, at approximately 3:20 a.m., Officers Jeffrey Woolridge and John Allen of the Tell City Police Department observed a car parked at Yum's Dairyland in Tell City. Woolridge contacted the police dispatcher and learned that the car's license plate was registered to a different car. The officers then observed two young men, one exiting from the store and the other from the restroom. Believing that they may have been in violation of curfew, the officers approached the men to learn their names and ages.

After the two men were detained and searched, Officer Woolridge noticed that Hammond was sleeping in the front seat of the parked car. Woolridge approached the vehicle at gunpoint, ordered Hammond to get out, handcuffed her and placed her in the police car. Allen then asked Hammond whether the car was properly insured. Hammond replied that it was and indicated that proof of financial responsibility was in her purse, which was inside her vehicle. Allen searched Hammond's purse but did not locate any such proof. He then placed Hammond under arrest for failure to provide proof of financial responsibility.

After Hammond's arrest, Officer Allen further searched her purse in which he found a closed leather pouch. Allen opened the pouch and discovered several pieces of drug paraphernalia. He then closed the purse and secured it in his vehicle. Hammond's car was impounded, and she was taken to the Tell City Police Station where the officers searched the leather pouch more thoroughly. That search uncovered additional drug paraphernalia and a small amount of what was later determined to be a controlled substance. Hammond was then jailed.

At 10:00 o'clock p.m. the following evening, Officers Woolridge and Allen came back on duty. They again searched Hammond's purse which was being held at the Tell City Police Station. They discovered four baggies containing what appeared to be cocaine and which tested positive for methacathinone and alprazolam. Hammond was eventually charged with two counts of possession with intent to deal in a controlled substance and one count of possession of drug paraphernalia.

### DISCUSSION AND DECISION

According to Officer Allen's marginal notations on his police report, Hammond was allegedly arrested because she was "unable to prove financial responsibility" for her mo-

tor vehicle. Record at 70. Indiana Code § 9–25–8–2 provides:

(a) A person who:

(1) operates; or

(2) permits the operation of;

a motor vehicle on a public highway in Indiana commits a Class C misdemeanor unless financial responsibility is in effect with respect to the motor vehicle under IC 9–25–4–4.

Hammond maintains that her arrest was unlawful and that the evidence obtained as a result of the arrest should be suppressed. Specifically, she claims the statute does not require that the owner or operator of a motor vehicle show proof of financial responsibility but only that financial responsibility with respect to the vehicle be in effect.[1]

 We agree that as amended in 1994, Indiana Code § 9–25–8–2 does not require that an owner or operator of a vehicle show proof of financial responsibility. A statutory amendment which changes a prior statute indicates a legislative intention that the meaning of the prior statute has changed. *Whitacre v. State*, 619 N.E.2d 605, 606 (Ind. Ct.App.1993), *aff'd*, 629 N.E.2d 1236 (Ind. 1994). Prior to 1994, Indiana law specified that:

A person who operates or permits the operation of a motor vehicle on a public highway in Indiana and who does not prove financial responsibility in the amounts and in a manner specified by this article commits a Class C misdemeanor.

Indiana Code § 9–25–8–2 (amended 1994). Under the 1994 amendment, Indiana law no longer requires a motorist to prove financial responsibility for her vehicle. Thus, a failure to show proof of financial responsibility is not a chargeable offense, and Hammond's arrest on those grounds was unlawful.

 Under both the Fourth Amendment to the United States Constitution and Article 1, section 11 of the Indiana Constitution, an unlawful arrest cannot be the foundation of a lawful search. *See Whiteley v. Warden of Wyoming State Penitentiary*, 401 U.S. 560, 568–69, 91 S.Ct. 1031, 1037, 28

L.Ed.2d 306, 313 (1971) (search incident to arrest not based upon probable cause held unconstitutional), *see also Jackson v. State*, 669 N.E.2d 744, 750 (Ind.Ct.App.1996). Evidence which is the product of an illegal detention or an unlawful arrest is inadmissible. *Regan v. State*, 590 N.E.2d 640, 644 (Ind.Ct. App.1992). Evidence obtained as a direct result of a search conducted after an unlawful arrest is excluded under the fruit of the poisonous tree doctrine. *Jackson*, 669 N.E.2d at 750.

 In this case, Officers Woolridge and Allen seized illegal drugs and drug paraphernalia during several searches of Hammond's purse after her unlawful arrest. We conclude either that the officers were unaware that Indiana Code § 9–25–8–2 had been amended or that the arrest was a pretense for searching Hammond's purse.[2] Whatever the case, Hammond was not arrested for a chargeable offense, and the evidence seized following her unlawful arrest is inadmissible. We hold that the trial court erred when it denied Hammond's motion to suppress.

Reversed and remanded.

ROBERTSON and RILEY, JJ., concur.

---

1. Hammond's vehicle was, in fact, insured at the time of her arrest. Record at 20.

2. Our supreme court has condemned the practice of police officers making an arrest for a minor traffic offense as a pretense to search a person or his automobile which reveals evidence used to convict such person for a crime other than the main traffic offense. *Williams v. State*, 248 Ind. 66, 73, 222 N.E.2d 397, 401 (1966). While we need not determine whether the officers here used that tactic against Hammond, we note that Hammond was never charged by information for failure to show proof of financial responsibility.